**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**RUSTY ROY MERO**                                                                                           **PLAINTIFF**

V.                                 **CASE NO. 1:09CV0068 JLH-BD**

**BEVERLY CLAUNCH, et al.**                                                                          **DEFENDANTS**


**RECOMMENDED DISPOSITION**

**I**.        **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Discussion:**

    A.     Background

Plaintiff, a pretrial detainee, filed this action pro se under 42 U.S.C. § 1983 (docket entry #2). Along with his Complaint, Plaintiff also has submitted an application for leave to proceed *in forma pauperis* (#1).

In his Complaint, Plaintiff alleges that his court-appointed public defender has failed to adequately communicate with him and that, as a result, his constitutional rights have been violated. Plaintiff names as Defendants Beverly Claunch, his court-appointed defender, and Independence County. Plaintiff seeks monetary damages and requests that the Court appoint him new counsel.

Based on the allegations contained in Plaintiff's Complaint, the Court recommends that Plaintiff's claims be DISMISSED without prejudice, and that his application to proceed *in forma pauperis* (#1) be DENIED as moot.

    B.     Standard

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts must accept the factual allegations in complaint as true, and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). A pro se plaintiff, however, still must assert facts sufficient to state a claim for relief. In deciding whether a plaintiff has stated a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Although detailed factual allegations are not required, the complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, supra). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

C.   Beverly Claunch

Plaintiff sues Beverly Clauch in connection with her representation of him as his court-appointed attorney. In order to state a claim for relief under § 1983, a plaintiff must allege that a person *acting under color of state law* deprived him of "a right, privilege or immunity secured by the Constitution or laws of the United States." *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). The United States Supreme Court specifically has

held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981); see also *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988).  Accordingly, because Defendant Claunch is not a state actor, Plaintiff's claims against Defendant Claunch fail.

    D.    Independence County

Plaintiff also names Independence County as a party Defendant.  Although a county may be held liable under 42 U.S.C. § 1983, in order to subject a county to such liability, a plaintiff must allege that the county implemented or executed an unconstitutional policy or custom.  See *Yellow Horse v. Pennington County*, 225 F.3d 923, 928 (8th Cir. 2000).  The Eighth Circuit Court of Appeals has defined the term "policy" as "an official policy, a deliberate choice of a guiding principle or procedure made by an official with authority." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).  "Custom" means a "persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).  Here, Plaintiff's Complaint is devoid of any such facts or allegations.  Accordingly, Plaintiff's claim against Independence County fails.

**III.    Conclusion:**

The Court recommends that Plaintiff's case be dismissed without prejudice and that his application for leave to proceed *in forma pauperis* (#1) be DENIED as moot. The Court further recommends that the Court certify that an *in forma pauperis* appeal from this dismissal would not be taken in good faith.

DATED this 12th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE